UNITED STATES DISTRICT COURT
EASTEERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CLINT TESS,

                      Plaintiffs,

                      -against-

CITY OF NEW YORK, P.O. FRANCIS JACKSON, and JOHN and JANE DOE 1 through 10, individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

       Plaintiff CLINT TESS, by his attorney, Robert Marinelli, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from the arrest of plaintiff CLINT TESS on June 16, 2016, without probable cause and in violation of his rights under federal law.

## JURISDICTION AND VENUE

2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

5.     The Plaintiff CLINT TESS ("plaintiff") is and was at all times relevant herein a resident of Kings County, New York.

6. Defendant CITY OF NEW YORK ("City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, defendant CITY OF NEW YORK.

8. That at all times hereinafter mentioned, the individually named defendants, JOHN AND JANE DOE 1 through 10, were duly sworn officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

9. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York.

10. Each and all of the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

**STATEMENT OF FACTS**

11. On or about June 16, 2016 at approximately 10:52 a.m., in the vicinity of Surd Avenue and West 5th Street in Brooklyn, N.Y., plaintiff CLINT TESS was driving with two friends as passengers.

12. Police officers pulled the car over, and two uniformed officers approached the car.

13. The arresting officer asked plaintiff for his license and registration, and plaintiff complied.

14. Plaintiff was told that he had two suspended licenses and two warrants. This

information was false.

15. Plaintiff was taken to the back of his vehicle and handcuffed.

16. Defendants were joined by two other officers who were patrolling on the boardwalk.

17. One of the two boardwalk officers approached plaintiff and immediately shoved plaintiff hard, slamming into plaintiff's chest with the bottom part of his palm and causing plaintiff to trip and almost fall.

18. Plaintiff suffers from sickle cell anemia, which is a life-long red blood cell disorder that significantly affects his daily activities. People with this serious medical condition have red blood cells that are curved like a sickle instead of circular. These cells tend to get stuck in blood vessels and block the flow of blood and impair the ability for oxygen to reach nearby tissues. The lack of tissue oxygen can cause attacks of sudden and excruciating pain, called sickle cell crises. Sickle cell crises cause pain and fatigue and can lead to medical complications ranging from stroke to organ failure.

19. After he was hit in the chest, plaintiff was in severe pain and breathing heavily.

20. Plaintiff told officers that his chest hurt from being hit.

21. Plaintiff asked 15 to 20 times to go to the hospital, but was ignored.

22. At the precinct, plaintiff told officers that he suffered from sickle cell anemia.

23. By failing to immediately transport plaintiff to the hospital for treatment, officers acted with deliberate indifference to his serious medical needs.

24. Due to plaintiff's persistent complaints, he was eventually taken to the hospital.

25. Plaintiff was diagnosed with sickle cell crisis and remained at the hospital from on or about June 16 to June 28.

26. When he was young, plaintiff had been told by doctors that trauma like getting struck

in the chest can trigger sickle cell crisis.

27. For his entire stay, plaintiff was handcuffed to the hospital bed with his feet shackled together.

28. Plaintiff's hemoglobin dropped to a dangerously low level. During his nearly two-week hospitalization, plaintiff had to have two blood transfusions.

29. At the hospital, plaintiff was informed by officers that there had been a mistake regarding the suspended licenses and warrants. In fact, plaintiff had taken care of the suspended license several months before, and he only had one active warrant for an open container.

30. Plaintiff remained handcuffed during his entire stay, forcing him to remain in certain positions and making it difficult for him to sleep, rest, and alleviate his pain.

31. Plaintiff's stress was aggravated by the abuse he faced from several of the officers charged with supervising him.

32. One officer would place the handcuffs on plaintiff very tight on his wrist, so that there was no room to move or turn the cuff, even slightly. When plaintiff complained, the officer refused to loosen the cuffs.

33. On one occasion, Plaintiff asked to use the restroom, and the officer made him wait for 45 minutes, while he watched a movie on his phone.

34. The officer also kept the volume on his movies very loud, so that plaintiff could not sleep, and he ignored plaintiff's complaints about the noise.

35. Officers permitted plaintiff to shower only twice - once after six days and once on the day he left the hospital.

36. As a result of the officers' deliberate indifference to his serious medical needs, plaintiff received inadequate medical care.

37. Officers were aware of the risk to plaintiffs' health by ignoring his requests to seek treatment at a hospital, keeping him handcuffed and shackled during his hospital stay, and creating inhumane conditions while hospital staff attempted to treat plaintiff for his sickle cell crisis.

38. On June 28, plaintiff's hemoglobin levels rose to a safe level and stabilized, so he was released from the hospital and taken to the precinct.

39. After several hours, he was taken to Central Booking, where he was released without seeing a judge.

40. Officers deliberately ignored the excessive risk to plaintiff's health by keeping him confined under circumstances that contributed to his pain and stress and caused his condition to deteriorate.

41. All of the above occurred as a direct result of the unconstitutional policies, customs, and practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

42. The aforesaid is not an isolated incident, defendant City is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the defendants, are insufficiently trained, supervised, and disciplined regarding: reporting misconduct of other officers; the use of excessive force; and training employees in the care and custody of people with sickle cell anemia.

43. Moreover, upon information and belief, defendant City was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City has retained these officers, and failed to adequately train and supervise them, particularly with regard to the care and custody of inmates with sickle cell anemia.

44. Defendant City is further aware that such improper supervision and training has often resulted in a deprivation of civil rights. Despite such notice, defendant City has failed to take corrective action. This failure caused the officers in the present case to violate plaintiff's civil rights.

45. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

46. All of the aforementioned acts deprived plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

49. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50. As a result of the foregoing, plaintiff sustained, *inter alia*, physical and psychological injuries, pain, and mental anguish, emotional distress, embarrassment, humiliation, and deprivation of his liberty and constitutional rights.

51. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual

defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

53. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under Federal Law)

55. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

56. Defendants arrested plaintiff without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

57. Defendants caused plaintiff to be falsely arrested and unlawfully imprisoned.

58. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

59. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and

disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unreasonable Search under Federal Law)

60. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

61. Defendants unreasonably searched plaintiff thereby causing plaintiff to suffer emotional distress, embarrassment, humiliation, and loss of privacy.

62. Defendants violated the Fourth and Fourteenth Amendments due to their unreasonable search.

63. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force under Federal Law)

64. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

65. The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff's constitutional rights.

66. As a result of the aforementioned conduct, plaintiff was subjected to excessive force and sustained physical injuries, pain and mental anguish, and emotional distress.

67. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual

8

defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Medical Indifference under Federal Law)

68. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

69. Defendants intentionally delayed in responding to plaintiff's requests for medical treatment and kept him confined in a manner that interfered with plaintiff's medical care and exacerbated plaintiff's serious medical condition.

70. Defendants acted with deliberate indifference to plaintiff's serious medical needs, causing the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.

71. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under Federal Law)

72. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

73. Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

74. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

75. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under Federal Law as to defendant City)

76. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

77. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78. The aforementioned customs, policies, usages, practices, procedures, and rules of the NYPD included, but were not limited to, police officers: failing to report misconduct of other officers; using excessive force against individuals; unlawfully searching individuals; and unlawfully seizing an individual's personal property.

79. In addition, the City engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the City to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

80. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights

of plaintiffs.

81. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

82. The foregoing customs, policies, usages, practices, procedures, and rules of the City and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

83. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD, plaintiff was subjected to excessive force and he was unlawfully arrested.

84. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

85. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    a. To be free from false arrest/unlawful imprisonment;

    b. To be free from unreasonable search and seizure;

    c. To be free from excessive force; and

    d. To be free from the unnecessary and wanton infliction of pain caused by intentionally denying or delaying access to medical care and intentionally interfering with the treatment prescribed.

86. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

A. full and fair compensatory damages in an amount to be determined by a jury;

B. punitive damages against the individual defendants in an amount to be determined by a jury;

C. reasonable attorneys' fees and the costs and disbursements of this action; and

D. such other and further relief as appears just and proper.

DATED: November 15, 2018
New York, New York

/s
Robert Marinelli
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

*Attorney for Plaintiff*