**Robert Marinelli**
ATTORNEY AT LAW
305 BROADWAY, SUITE 1001
NEW YORK, NEW YORK 10007
Tele: (212) 822-1427
Facsimile: (212) 202-9646

June 12, 2019

BY ECF
United States Chief Magistrate Judge Roanne L. Mann
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N. Y. 11201

   Re: Tess v. City of New York et al., 19 CV 6542 (KAM)(RLM)

Your Honor:

 I represent Plaintiff in this civil rights action that alleges, in part, that various John/Jane Doe Defendant Police Officers violated plaintiff's constitutional rights by failing to arrange his arraignment in a timely manner.

 Plaintiff moves the Court for an order directing defendants to show cause for their failure to produce certain demanded information and documents, and respectfully requests that Your Honor compel defendants to do so immediately. These productions are necessary to insure that plaintiff can name all appropriate defendants before the statute of limitations expires this Monday, June 16.

 Concurrently, plaintiff respectfully seeks the Court's permission to amend his complaint in order to add already identified parties. Defendants oppose this application.

 In the alternative, plaintiff respectfully requests that the Court toll the statute of limitations pending the City's disclosure of the requested information and documents.

**Procedural History**

 On May 7, plaintiff provided defendants with a proposed amended complaint that added a claim that plaintiff's arraignment was unconstitutionally delayed. Defendants consented and on May 9, with the Your Honor's permission, the complaint was filed.

Also on May 7, plaintiff served defendants with discovery demands tailored to the added claim. On June 7, plaintiff consented to defendants' request for an extension until June 10 to respond.

Defendants' responses did not include the requested documents and omitted certain critical information.

**Plaintiff's Request to Compel the Production of Certain Documents**

Plaintiff respectfully requests that defendants be compelled to produce the below information and documents immediately, or show cause why they are unable to do so. At this time, plaintiff seeks only discovery potentially relevant to the amendment of his complaint.

Without adequate responses, plaintiff cannot ascertain the identities of potential defendants and witnesses.

Plaintiff seeks:

1. The identity of every member of the NYPD, including names, shield numbers, rank and title, who guarded plaintiff while he was detained at Coney Island Hospital.

2. The desk officers at the 60th precinct for the period that plaintiff was detained at Coney Island Hospital. For this request, defendants agreed only to provide identify the of the desk officer on duty at the time of plaintiff's arrest.

3. The job titles for the officers appearing on plaintiff's OLPA (Exhibit A.)

4. Documents relating to plaintiff prepared by the Brooklyn Court Section for the relevant period.

5. Communications between the officers guarding plaintiff and other members of the NYPD.

6. All documents relating to plaintiff's bedside arraignment and/or arrest and detention, produced by any member of the NYPD, including the Bedside Arraignment worksheet (PD 244-159), the pertinent Activity Logs (PD 112-145).

**Plaintiff's Request to File an Amended Complaint**

Pursuant to FED. R. CIV. P. 15(a)(2), "…[a] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (internal quotation marks omitted)).

Plaintiff seeks Your Honor's permission to amend his complaint to add the below defendants prior to the imminent expiration of the Statute of Limitation.[1]

Plaintiff wishes to amend his complaint to the following defendants, Sgt. Israel Sexton, Sgt. Jianping Zeng, POM Adam Feder, Sgt. Myrtle Armstrong, Sgt, Eduard Shtotland, Sgt. Linda Doonerhornick, Haithem Hussamelon, Sgt. Domenique Taylor, Sgt. Jose Holgun, Sgt. Salvatore Desiano, Sgt. Cullen, Sgt. Kyle Walker, Sgt. Nancy Lawrence, Sgt. Holden, Sgt. America Jatquezventure, Sgt. Neidermeyer, and Sgt. Moyibi Thomas.

Each of these officers was aware of the delay in plaintiff's arraignment and failed to intervene. See Plaintiff's Exhibit 1 at 2.[2] Discovery may also reveal that some, or all, of these individuals were directly responsible.

Defendants cannot demonstrate that the proposed amendment is prejudicial or made in bad faith.

**Alternatively, Plaintiff Requests that The Court Toll The Statute Of Limitations Pending The Disclosure Of The Requested Information**

In the alternative, plaintiff moves the Court to toll the statute of limitations pending defendant's complete response to plaintiff's requests. Because Corporation Counsel knows of plaintiff's intent to sue the Doe Officers by their true names, constructive knowledge doctrine holds that Doe Officers have notice and knowledge of that same fact themselves due to their unity of interest with Corporation Counsel. See Archibald, 274 F.R.D. at 380; Byrd, 964 F. Supp. at 144-45 (permitting the plaintiff's addition of officers'

---

[1] The full name of the majority of these proposed defendants were disclosed in defendants' June 10 discovery responses.

[2] Pertinent entries are highlighted.

names to a John Doe complaint after the limitations period because the plaintiff demonstrated that the City was told "that the officer[s] on duty during the incident would be [defendants] in the suit" and "[the officers'] identit[ies were] information uniquely accessible to Corporation Counsel").

In the event that Corporation Counsel would argue that constructive knowledge doctrine does not apply to toll the statute of limitations here because the City has "not yet decided" whether it will represent the Doe Officers, courts have in the past rejected that argument. See, e.g., Velez v. Koehler, No. 87 Civ. 2019 (KMW), 1991 WL 130913, at *2 (S.D.N.Y. July 8, 1991) (rejecting a newly named defendant's argument that because the City could have decided not to represent him the constructive notice doctrine did not apply); Hodge v. Ruperto, 739 F. Supp. 873, 881 (S.D.N.Y. 1990) (finding that newly named officer defendants had constructive notice that they would be added because the City attorney knew that the newly named officer defendants would be added).

**Conclusion**

In light of the foregoing, plaintiff respectfully moves the Court for an Order directing defendants to show cause why the above requested discovery should not be immediately provided and for leave of the Court to amend the complaint as set forth above. In the alternative, plaintiff respectfully requests the tolling of the statute pending fuller responses from defendants.

Sincerely,

/s

Robert Marinelli
305 Broadway, Suite 1001
New York, NY 10007
(212) 822-1427

cc:    Artur Jagielski, Esq.