UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------- x

CLINT TESS,

                            Plaintiff,

      -against-

CITY OF NEW YORK, et al,.

                          Defendants.

---------------------------------------------------- x

**18-CV-6542-KAM-RLM**

**ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS JACKSON, ELTABIB, SANCHEZ, ARMSTRONG, DOONERHORNICK, TAYLOR, WALKER, TOBIN, IECAMPO, FEDER, DORISME, SHTOTLAND, HUSSAMELDIN, NIEMEYER AND ALEXANDER**

**JURY TRIAL DEMANDED**

        Defendants Francis Jackson, Omar Eltabib, John Sanchez, Myrtle Armstrong, Linda Doonerhornick, Domenique Taylor, Adam Feder, Kyle Walker, William Tobin, Daniel Iecampo, Yves Dorisme, Eduard Shtotland, Haitham Hussameldin i/s/h/a Haithem Hussameldon, Matthew Niemeyer, and Allen Alexander, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their Answer to the Second Amended Complaint, dated November 6, 2019, respectfully:

        1.    Deny the allegations in paragraph 1 of the Complaint, except admit that plaintiff has commenced an action as stated therein.

        2.    Deny the allegations in paragraph 2 of the Complaint, except admit that plaintiff has commenced an action as stated therein.

        3.    Deny the allegations in paragraph 3 of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations in paragraph 4 of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Admit the allegations in paragraph 6 of the Complaint.

7. Deny the allegations in paragraph 7 of the Complaint, except admit that the City maintains a police department, and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department ("NYPD").

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, except admit that at relevant times Jackson, Kautter, Eltabib, and Sanchez were employed by the City as police officers, and state that to the extent the allegations are conclusions of law, no response is required.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except admit that at relevant times Jackson, Eltabib, Sanchez, Armstrong, Doonerhornick, Taylor, Feder, Walker, Tobin, Iecampo, Dorisme, Shtotland, Hussamedldin i/s/h/a Hussameldon, Niemeyer, and Alexander were employed by the City as police officers, and admit on information and belief that Sexton, Zeng, Holgun, Desiano, Cullen, Lawrence, Holden, Jatquezventure, Thomas, and Spano were employed by the City as police officers, and state that to the extent the allegations are conclusions of law, no response is required.

10. State that the allegations in paragraph 10 of the Complaint are legal conclusions to which no response is required.

11. Deny the allegations in paragraph 11 of the Complaint.

12. Admit, upon information and belief, the allegations in paragraph 12 of the Complaint.

13. Admit the allegations in paragraph 13 of the Complaint.

14. Admit the allegations in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint, except admit that Plaintiff was informed that there was an active warrant for his arrest.

16. Admit the allegations in paragraph 16 of the Complaint.

17. Deny the allegations in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint, except admit that plaintiff was transported to a police precinct.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint, except admit that plaintiff was taken to Coney Island Hospital.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, except admit, upon information and belief, that plaintiff was at Coney Island Hospital from June 16 until June 27.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, except admit that the plaintiff had an active warrant.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint relating to unidentified officers.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint relating to unidentified officers.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint relating to unidentified officers.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint relating to unidentified officers.

38. Deny the allegations in paragraph 38 of the Complaint.

39. Deny the allegations in paragraph 39 of the Complaint.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, except admit, upon information and belief, that plaintiff accepted an ACD related to his arrest charges and was released on his own recognizance on the underlying warrant.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, except admit, upon information and belief, that plaintiff was released from custody on June 28, 2019.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint.

48. Deny the allegations in paragraph 48 of the Complaint.

49. Deny the allegations in paragraph 49 of the Complaint.

50. Deny the allegations in paragraph 50 of the Complaint.

51. Deny the allegations in paragraph 51 of the Complaint.

52. Deny the allegations in paragraph 52 of the Complaint.

53. Deny the allegations in paragraph 53 of the Complaint.

54. Deny the allegations in paragraph 54 of the Complaint.

55. Deny the allegations in paragraph 55 of the Complaint.

56. Deny the allegations in paragraph 56 of the Complaint.

57. Deny the allegations in paragraph 57 of the Complaint.

58. In response to the allegations in paragraph 58 of the Complaint, defendants repeat the responses in the preceding paragraphs of this Answer, as if fully stated herein.

59. Deny the allegations in paragraph 59 of the Complaint.

60. Deny the allegations in paragraph 60 of the Complaint.

61. In response to the allegations in paragraph 61 of the Complaint, defendants repeat the responses in the preceding paragraphs of this Answer, as if fully stated herein.

62. Deny the allegations in paragraph 62 of the Complaint.

63. Deny the allegations in paragraph 63 of the Complaint.

64. Deny the allegations in paragraph 64 of the Complaint.

65. Deny the allegations in paragraph 65 of the Complaint.

66. In response to the allegations in paragraph 66 of the Complaint, defendants repeat the responses in the preceding paragraphs of this Answer, as if fully stated herein.

67. Deny the allegations in paragraph 67 of the Complaint.

68. Deny the allegations in paragraph 68 of the Complaint.

69. Deny the allegations in paragraph 69 of the Complaint.

70. In response to the allegations in paragraph 70 of the Complaint, defendants repeat the responses in the preceding paragraphs of this Answer, as if fully stated herein.

71. Deny the allegations in paragraph 71 of the Complaint.

72. Deny the allegations in paragraph 72 of the Complaint.

73. Deny the allegations in paragraph 73 of the Complaint.

74. In response to the allegations in paragraph 74 of the Complaint, defendants repeat the responses in the preceding paragraphs of this Answer, as if fully stated herein.

75. Deny the allegations in paragraph 75 of the Complaint.

76. Deny the allegations in paragraph 76 of the Complaint.

77. Deny the allegations in paragraph 77 of the Complaint.

78. In response to the allegations in paragraph 78 of the Complaint, defendants repeat the responses in the preceding paragraphs of this Answer, as if fully stated herein.

79. Deny the allegations in paragraph 79 of the Complaint, except state that any allegations regarding a duty are legal conclusions that do not require a response.

80. Deny the allegations in paragraph 80 of the Complaint.

81. Deny the allegations in paragraph 81 of the Complaint.

82. In response to the allegations in paragraph 82 of the Complaint, defendant repeat and re-allege the responses in the preceding paragraphs of this Answer, as if fully stated herein.

83. Deny the allegations in paragraph 83 of the Complaint, except state that the allegations regarding any duty are legal conclusions that do not require a response.

84. Deny the allegations in paragraph 84 of the Complaint.

85. Deny the allegations in paragraph 85 of the Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint.

87. Deny the allegations in paragraph 87 of the Complaint.

88. Deny the allegations in paragraph 88 of the Complaint.

89. Deny the allegations in paragraph 89 of the Complaint.

90. Deny the allegations in paragraph 90 of the Complaint.

91. Deny the allegations in paragraph 91 of the Complaint.

92. Deny the allegations in paragraph 92 of the Complaint.

93. In response to the allegations in paragraph 93 of the Complaint, defendants repeat the responses in the preceding paragraphs of this Answer, as if fully stated herein.

94. Deny the allegations in paragraph 94 of the Complaint.

95. Deny the allegations in paragraph 95 of the Complaint.

96. Deny the allegations in paragraph 96 of the Complaint.

97. Deny the allegations in paragraph 97 of the Complaint.

98. Deny the allegations in paragraph 98 of the Complaint.

99. Deny the allegations in paragraph 99 of the Complaint.

100. Deny the allegations in paragraph 100 of the Complaint.

101. Deny the allegations in paragraph 101 of the Complaint.

102. Deny the allegations in paragraph 102 of the Complaint, and each subpart thereof.

103. Deny the allegations in paragraph 103 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

104. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

105. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

106. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendants.

### FOURTH AFFIRMATIVE DEFENSE:

107. Defendants acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE:

108. There was probable cause for plaintiff's arrest and detainment due to plaintiff's active warrant under Docket No. 2015SK028307, at a minimum.

### SIXTH AFFIRMATIVE DEFENSE:

109. Plaintiff failed to mitigate his alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE:

110. Plaintiff has failed to join indispensable or necessary parties, under Fed. R. Civ. P. 19, specifically, the N.Y.S. Office of Court Administration officials, in their individual capacities, pertaining to plaintiff's allegations that there was an unreasonable delay in arraignment.

### EIGHTH AFFIRMATIVE DEFENSE:

111. Plaintiff provoked or was at fault for the incident.

### NINTH AFFIRMATIVE DEFENSE:

112. To the extent that any force was used by the Defendants, the force used was objectively reasonable under the circumstances.

**WHEREFORE,** defendants Francis Jackson, Omar Eltabib, John Sanchez, Myrtle Armstrong, Linda Doonerhornick, Domenique Taylor, Adam Feder, Kyle Walker, William Tobin, Daniel Iecampo, Yves Dorisme, Eduard Shtotland, Haitham Hussameldin i/s/h/a Haithem Hussameldon, Matthew Niemeyer, and Allen Alexander, request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           November 6, 2019

                                    JAMES E. JOHNSON
                                    Corporation Counsel of the
                                      City of New York
                                    *Attorney for Defendant*s
                                    THE CITY OF NEW YORK, JACKSON,
                                    ELTABIB, SANCHEZ, ARMSTRONG,
                                    DOONERHORNICK, TAYLOR, FEDER,
                                    WALKER, TOBIN, IECAMPO, DORISME,
                                    SHTOTLAND, HUSSAMEDLDIN I/S/H/A
                                    HUSSAMELDON, NIEMEYER, AND
                                    ALEXANDER,
                                    100 Church Street, Room 3-194
                                    New York, New York 10007
                                    (212) 356-2670

                            By:     *James Jimenez*
                                    JAMES JIMENEZ
                                    *Assistant Corporation Counsel*

cc:     All Counsel of Record (Via ECF)