

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**JAMES JIMENEZ**
Assistant Corporation Counsel
Phone: (212) 356-2670
Fax: (212) 356-3509
jjimenez@law.nyc.gov

November 18, 2019

**BY ECF**
Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

        Re:  <u>Clint Tess v. City of New York, et al.</u>,
              18-cv-6542 (KAM)(RLM)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. Defendants write in opposition to Plaintiff's motion to compel discovery responses to plaintiff's Third Set of Interrogatories and Document Requests and to deem Defendants' objections waived, dated November 10, 2019. Plaintiff's motion to compel should be denied as moot since defendants served plaintiff with responses on November 15, 2019. Further, any motion to deem defendants' objections to the discovery demands as waived should also be denied since the delay in responding was of short duration and there was good cause for the delay.

      By way of background, plaintiff served his Third Set of Interrogatories and Document Requests and First Request for Admissions on or about September 3, 2019. Pursuant to an agreement between the parties, defendants were to respond to plaintiff's discovery demands on November 8, 2019. As plaintiff's counsel is aware, the undersigned has only been assigned to this matter since late September and accordingly is still learning the record, as well as the fact that the undersigned was out of the office for approximately two weeks due to the birth of my first child, necessitating the initial extension of the time to respond to November 8, 2019. Although plaintiff was not prejudiced by the brief delay, plaintiff did not contact the undersigned regarding the instant motion until shortly before filing, and filed without attempting to resolve the delay prior to seeking judicial intervention. Further, plaintiff filed the instant application in

which he disingenuously portrays the Defendants as failing to timely respond for no reason whatsoever.

The undersigned is now aware that the more prudent course of action would have been to request an extension of time from the Court upon Plaintiff's refusal to consent, rather than serving belated responses without the Court's permission. In any event, since defendants have served responses to the discovery demands, Plaintiff's motion to compel responses is moot.

Regarding Plaintiff's request to deem Defendants' objections waived, Defendants respectfully request that Your Honor deny that portion of Plaintiff's motion. It is within the Court's discretion to determine whether a party's objections to discovery requests will be deemed waived. See Bujnicki v. Am. Paving & Excavating, Inc., 99-CV-0646S, 2004 U.S. Dist. LEXIS 8869, at *32 (W.D.N.Y. Feb. 25, 2004) (declining to waive objections where responses were 18 days late). Where a party demonstrates good cause for failing to timely interpose objections, the Court may excuse the failure. Shahzad v. County of Nassau, 13-CV-2268 (SJF) (SIL), 2014 U.S. Dist. LEXIS 136575, at *10 (E.D.N.Y. Sept. 26, 2014) ("Rule 33(b)(4) vests the Court with discretion to excuse a failure to answer and refuse to deem objections waived.") Defendants submit that because of the fairly short amount of time that the undersigned has been assigned to the case, combined with the time that the undersigned was out of the office for the birth of his child, that there was good cause for the brief delay in Defendants' service of their discovery responses and, accordingly, their objections should not be waived. See e.g. Grief v. Nassau Cty., CV 15-7240 (ADS) (AYS), 2017 U.S. Dist. LEXIS 132451, at *25 (E.D.N.Y. Aug. 18, 2017) (declining to deem objections waived, in part, due to the fact that there was significant turnover in the County's personnel and the defense counsel had only recently returned from maternity leave). Moreover, the cases relied upon by Plaintiff are distinguishable since in those cases, unlike here, sanctions were imposed only where there was evidence of substantial delay, willfulness, and/or a near complete lack of response. See Silva v. Cofresi, 2014 U.S. Dist. LEXIS 105877 (S.D.N.Y. August 1, 2014) (deeming objections waived after a delay of four months after a court-ordered deadline); Parlin Funds LLC v. Gilliams, 2012 U.S. Dist. LEXIS 153634 (S.D.N.Y. June 15, 2012) (granting motion for default where interrogatory responses served six months late consisted primarily of "Answering Defendants plead the Fifth Amendment."); Sherwin-Williams Co. v. Spitzer, 2005 U.S. Dist. LEXIS 18700 (N.D.N.Y. August 24, 2005) (ordering production of additional discovery responses after the initial response was served almost two months late). Given, the brief delay in service (four (4) days after the agreed upon date), and the fact that there was good cause for the delay, Defendants' objections to the discovery demands should not be waived.

Based on the foregoing, Defendants respectfully request the Court deny the Plaintiff's motion in its entirety. Defendants thank you for your consideration herein.

Respectfully submitted,

*James Jimenez*
James Jimenez
*Assistant Corporation Counsel*

cc: **<u>BY ECF</u>**
      Robert Marinelli, Esq.
      *Attorney for Plaintiff*