

|  | **THE CITY OF NEW YORK** |  |
|---|---|---|
| **JAMES E. JOHNSON** | **LAW DEPARTMENT** | **ANGHARAD K. WILSON** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Senior Counsel*<br>Phone: (212) 356-2572<br>Fax: (212) 356-3509<br>awilson@law.nyc.gov |

April 1, 2020

**BY ECF**
Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>Clint Tess v. City of New York, et al.</u>,
      18 Civ 6542 (KAM)(RLM)

Your Honor:

  I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the defense of the above referenced matter. Defendants City of New York, Alexander, Armstrong, Doonerhornick, Dorisme, Eltabib, Feder, Holgun, Hussameldon, Iacampo, Jackson, Niemeyer, Sanchez, Shtotland, Taylor, Tobin, and Walker respectfully request that the Court stay the present civil proceeding in its entirety for ninety (90) days in light of the recent developments surrounding the COVID-19 pandemic. Plaintiff's counsel, Robert Marinelli, Esq. has consented to a stay of thirty (30) days.

  By way of background, Plaintiff alleges, *inter alia*, claims for false arrest, unlawful imprisonment, unreasonable search, excessive force, indifference to medical needs, failure to intervene, delay in arraignment, and for municipal liability pursuant to *Monell* stemming from his June 16, 2016, arrest. On that date, plaintiff was arrested in connection with an open warrant after he was pulled over for a defective side-view mirror. At the precinct, plaintiff began feeling ill and was transported to Coney Island Hospital, where he was diagnosed with a sickle cell crisis. He remained in the hospital for over a week, eventually being arraigned at his bedside on June 28, 2016. Plaintiff accepted an adjournment in contemplation of dismissal in satisfaction of the arrest charges.

  As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020,

Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

Three days later, on March 16, 2020, the United States District Court for the Eastern District of New York ("Eastern District") issued Administrative Order 2020-06, which, *inter alia*, encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable, and to "adjourn matters or deadlines, or stay litigation, where in-person meetings, interviews, depositions, or travel would be necessary to prepare for any such proceedings." On March 17, 2020, the Eastern District issued Administrative Order 2020-08, further limiting access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department has transitioned the majority of its employees to work from home status.

Of course, working from home creates a number of challenges that directly impact litigation, including, but not limited to, conferring with our client agencies regarding the location and production of documents. Working from home also creates complications in regards to coordinating and taking depositions. Conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, No. 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").

Accordingly, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19.

Thank you for your consideration.

Respectfully submitted,

*Angharad Wilson*/s/
Angharad Wilson
*Senior Counsel*

- 3 -

cc: **BY ECF**
      Robert Marinelli, Esq.
      *Counsel for Plaintiff*
      305 Broadway, 9th Floor
      New York, New York 10007