

**T**HE **C**ITY OF **N**EW **Y**ORK

# LAW DEPARTMENT

**JAMES E. JOHNSON**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**ANGHARAD K. WILSON**
*Senior Counsel*
Phone: (212) 356-2572
Fax: (212) 356-3509
awilson@law.nyc.gov

November 20, 2020

**BY ECF**
Honorable Kiyo Matusmoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Clint Tess v. City of New York, et al., 18-cv-6542 (KAM)(RLM)

Your Honor:

I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense of this matter. Defendants write, pursuant to the Court's individual rules, to request a pre-motion conference in anticipation of Defendants' Partial Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56.

*Facts Alleged for Purposes of Defendants' Motion.* On June 16, 2016, shortly before 11:00 a.m., Plaintiff Clint Tess was driving in the vicinity of Surf Avenue and West 5th Street in the Coney Island section of Brooklyn. (Deft 56.1 ¶¶ 1-2). Officer Francis Jackson and Lieutenant Douglas Kautter observed that Plaintiff's car had a damaged side view mirror and pulled him over. *Id.* at ¶¶ 3,4,6. When Officer Jackson performed a warrant search, he discovered that Plaintiff had an open warrant. *Id.* at ¶¶ 7-8. Officer Jackson then asked him to get out of the car, placed him under arrest, and handcuffed him. *Id.* at ¶ 9. After Plaintiff was handcuffed and arrested, Officer Jackson pat-frisked him. *Id.* at ¶ 10. Shortly thereafter, Officers Omar Eltabib and John Sanchez arrived on the scene. *Id.* at ¶ 11. Plaintiff alleges that Officer Eltabib struck him in the chest once without provocation with the heel of his hand. *Id.* at ¶ 12. Shortly thereafter, Plaintiff was transported to the 60th Precinct, which was approximately two blocks away. *Id.* at ¶¶ 14-15.

At some point after Officer Eltabib struck him, Plaintiff began to request medical attention from the defendant officers. *Id.* at ¶¶ 13,15. An ambulance was called, and Plaintiff was transported to Coney Island Hospital approximately 20-30 minutes after arriving at the precinct, leaving the precinct at around 11:30 a.m. *Id.* at ¶¶ 16-17. Plaintiff, who has sickle cell disease, was diagnosed with a sickle cell crisis and admitted to the hospital. *Id.* at ¶ 18. Plaintiff

remained in the hospital until June 28, 2016, when he was arraigned at his bedside. *Id.* at ¶¶ 27. He was released on his own recognizance in connection with the open warrant case and an adjournment in contemplation of dismissal on the vehicle violation, which was sealed immediately. *Id.* at ¶¶ 28-29.

*False Arrest.* Under New York law, "[a]n arrest is privileged if it is made pursuant to a lawful warrant." *Andersen v. United States*, No. 98-CV-4782 (ADS), 2001 U.S. Dist. LEXIS 24469, at *33 (E.D.N.Y. July 20, 2001) (citing *Collins v. Brown*, 514 N.Y.S.2d 538, 540 (N.Y. App. Div. 3d Dep't. 1987). It is undisputed that Plaintiff had an open arrest warrant on June 16, 2016, and that Officer Jackson was aware of that warrant when he arrested Plaintiff. Plaintiff's arrest was thus privileged based on the open warrant. Further, there was probable cause to arrest Plaintiff based on the broken side mirror on his car. *See*, *Aikman v. County of Westchester*, 491 F. Supp. 2d 374, 381 (S.D.N.Y. 2007) (finding that defendant officers "clearly had probable cause to believe Plaintiff violated New York traffic laws" where they observed that the plaintiff had a cracked side mirror on his car). Based on that probable cause, defendants were entitled to arrest Plaintiff for the traffic violation. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").[1]

*Unreasonable Search.* Plaintiff has failed to establish that any search to which he was subject was unreasonable. "When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated." *Chimel v. California*, 395 U.S. 752, 762-63 (1969). Plaintiff testified at his deposition that he was pat-frisked after he was placed under arrest and put into handcuffs. Because the search of Plaintiff occurred after he was lawfully arrested, the search was a permissible search incident to arrest and Plaintiff's claim for unreasonable search must be dismissed.

*Delay in Arraignment.* It is well-established that the Fourth Amendment requires a prompt judicial determination of probable cause after a warrantless arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975). The crux of the constitutional violation is imprisonment without a judicial probable cause determination; therefore, where an individual is arrested pursuant to a valid warrant, there is no constitutional violation for delayed arraignment. *Wells v. Manhattan Criminal Court Arraignment #3*, 99 Civ. 1298 (DLC), 2000 U.S. Dist. LEXIS 5174, at *4-5 (S.D.N.Y. Apr. 20, 2000) (dismissing case where plaintiff alleged excessive pre-arraignment detention where he was held for 17 days prior to arraignment on charges for which there was a valid warrant).[2] Plaintiff was undisputedly held

---

[1] Even if there was not actual probable cause for these charges, there was arguable probable cause, entitling defendants to qualified immunity. *Lennon v. Miller*, 66 F.3d 416, 420-21 (2d Cir. 1995).

[2] To the extent the Court interprets Plaintiff's delay in arraignment claim as a claim for malicious prosecution claim, as described in *Wells*, 2000 U.S. Dist. LEXIS 5174, at * 6-7, that claim must fail as well. At a minimum, it fails because Plaintiff's open case was not favorably terminated, as Plaintiff accepted an ACD in connection with that matter. *See, Shain v. Ellison*, 273 F.3d 56, 68 (2d Cir. 2001).

on a valid open warrant; therefore, his claim for excessive pre-arraignment detention must fail.[3]

*Denial of Medical Care.* To prevail on a constitutional claim of deliberate indifference to medical needs, a plaintiff must prove that he suffered from an objectively serious medical condition, which the defendants knew of and deliberately disregarded. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). It is undisputed that Plaintiff arrived in the emergency room at Coney Island Hospital approximately 45 minutes after he was arrested. The short amount of time that elapsed between Plaintiff's arrest and his arrival in the emergency room does not support a claim for deliberate indifference to medical needs. *See, Osuna v. City of New York*, No. 08-CV-4759, 2009 U.S. Dist. LEXIS 66282, at \*5 (S.D.N.Y. July 30, 2009) (highlighting the undisputed evidence that the plaintiff was admitted to a hospital no later than 75 minutes after arrest).[4]

*Failure to Intervene.* There can be no failure to intervene where there was no constitutional violation. *Feinberg v. City of New York*, No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098, at \*4 (S.D.N.Y. Aug. 13, 2004) ("If the Court determines that the officer's conduct did not violate a constitutional right, however, the analysis ends."). Accordingly, because Plaintiff's claims fail for the reasons described above, Plaintiff cannot maintain a claim for failure to intervene related to those claims.

Moreover, Plaintiff's claims for failure to intervene related to the remaining excessive force claim must also fail. Liability for failure to intervene may only attach when "the officer had a realistic opportunity to intervene and prevent the harm." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008). Plaintiff alleges that Officer Eltabib suddenly and without warning struck him a single time in the chest. Given the lack of warning and the limited duration of Officer Eltabib's alleged use of force, none of the officers at the scene (and certainly none of those who were not present at the scene) had a realistic opportunity to intervene.

*Monell.* Initially, Plaintiff's *Monell* claim must be dismissed because Plaintiff has failed to allege an underlying constitutional violation with respect to the foregoing claims for the reasons described above. *See, City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Moreover, in order to maintain a claim for municipal liability pursuant to *Monell*, "[t]he plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries . . . Second, the plaintiff must establish a causal connection -- an "affirmative link" -- between the policy and deprivation of his constitutional rights." *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987). Plaintiff has failed to prove the existence of any unconstitutional policy and further, has not established any causal connection between any municipal policy and the purported violation of Plaintiff's constitutional rights.

---

[3] Plaintiff purports to name over a dozen officers in connection with the claimed excessive detention. The claims against these individuals should also be dismissed for lack of personal involvement. *See*, *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015)

[4] Additionally, Defendants are entitled to qualified immunity in connection with this claim because it was not clearly established that a delay of 45 minutes to obtain medical treatment violated Plaintiff's constitutional rights. *See, Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citations omitted).

Respectfully submitted,

Angharad Wilson
Senior Counsel

cc:     All Counsel (via ECF)